# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**Ruben Badillo**<br>　　　　　**Debtor(s).** | Case No. 17-06459<br><br>Chapter 7<br><br>Honorable Pamela S. Hollis<br><br>Set for May 10, 2019 at 10:15 a.m. |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

　　　PLEASE TAKE NOTICE that on May 10, 2019, at 10:15 a.m., I shall appear before the Honorable Pamela S. Hollis at Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois, or, in her absence, before any other Judge who may be sitting in her stead, and shall then and there present Trustee's **Motion to Approve Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019, Limit Notice and Shorten Notice**, a copy of which is attached hereto and hereby served upon you.

　　　　　　　　　　　　　　　　　　　Cindy M. Johnson, not individually but as
　　　　　　　　　　　　　　　　　　　Chapter 7 Trustee of **Ruben Badillo,**

　　　　　　　　　　　　　　　　　　　　/s/　　Cindy M. Johnson　　　
Cindy M. Johnson　　　　　　　　　　　　　Chapter 7 Trustee
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois  60603
(312) 345-1306

## CERTIFICATE OF SERVICE

　　　I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2019.

　　　　　　　　　　　　　　　　　　　　___/s/ Cindy M. Johnson_____

# SERVICE LIST

**Electronic Mail Notice List**

- Kinnera Bhoopal    kinnera.bhoopal@mccalla.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Dana N O'Brien    dana.obrien@mccalla.com, NDistrict@mccalla.com
- David M Siegel    davidsiegelbk@gmail.com, author@proofofpayments.com;R41057@notify.bestcase.com;johnellmannlaw@gmail.com

**Manual Notice List Via US Mail**

**Ruben Badillo**
**1109 BUTTERFIELD CIR. W.**
**SHOREWOOD, IL  60404**

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Sprint Corp
Attention Bankruptcy
PO Box 7949
Overland Park, KS 66207-0949

Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Se
P.O. BOX 19657
IRVINE, CA 92623-9657

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Ruben Badillo<br>        Debtor(s). | Case No.  17-06459<br><br>Chapter 7<br><br>Honorable Pamela S. Hollis<br><br>Set for May 10, 2019 at 10:15 a.m. |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE OR
SETTLEMENT PURSUANT TO RULE 9019 WITH DEBTOR
AND TO SELL ESTATE'S INTEREST IN PROPERTY BACK TO DEBTOR
SHORTEN NOTICE AND TO LIMIT NOTICE**

Cindy M. Johnson, not individually, but as Trustee of the bankruptcy estate of Ruben Badillo, submits her Motion to Approve Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019, Limit Notice and Shorten Notice (the "Motion"), and states:

**1.** Cindy M. Johnson is the Chapter 7 Trustee (the "Trustee") of the above captioned bankruptcy case filed by Ruben Badillo (hereafter "Debtor"), on Mar 3, 2017 ("Petition Date").

## Background

**2.** The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**3.** At the time of the filing of this bankruptcy case, the major assets of the Estate were the non-exempt portion of Debtor's 2016 Federal and State Income Tax

Refund ("Tax Refund"), the non-exempt value of a 2005 Yamaha Roadstar ("Vehicle") and balance in a First Midwest Bank account ("Bank Funds")

### Settlement of Estate's Interest in Tax Refund

4. From Debtor's testimony at the 341 meeting of creditors, Debtor's schedules and other documents provided to the Trustee, Trustee discovered that the Debtor is entitled to a tax refund for the year 2016.

5. Debtor had been divorced in 2016 and was under the presumption that his ex-wife was entitled to half of the anticipated refund. A review of the Martial Settlement Agreement provided to the Trustee in February 2019 showed otherwise.

6. Upon review of Debtor's filed 2016 tax returns, the value of the Tax Refund was determined to be $5,829.00 which was comprised of the value of the federal tax refund ($5,461.00) and the value of the state of Illinois tax refund ($368.00).

7. Based upon foregoing, the Trustee made demand upon Debtor for a turnover of the non-exempt proceeds of the Tax Refund totaling $5,829.00.

8. When the funds were not paid Trustee Filed a Motion to Compel Debtor to Turnover the Tax Refund which was originally set for hearing on April 5, 2019. At the request of Debtor's counsel that motion was continued to May 10, 2019.

9. After the April 2019 hearing Debtor amended his schedule C to claim a $260.00 wildcard exemption in the Tax refund and requested that he be allowed to pay the balance of $5,569.00 in installments.

10. Trustee has agreed to allow the 2016 refund amount to be paid in installments provided that a judgment for the entire amount due be entered against the Debtor to enable the Trustee to pursue post judgment collection if the Debtor fails to make the agreed upon payments.

11.     Trustee believes that the proposed settlement is fair and reasonable and in the best interests of the Estate.

12.     For the aforementioned reasons, the Trustee requests that the Court enter an order approving the settlement on the terms set forth herein.

### Proposed Sale of Estate's Interest in Vehicle Back to Debtor

13.     In addition to the Tax Refund, the Trustee has determined that there is equity to the Estate in the Vehicle.

14.     Pursuant to a search on Kelly Blue Book the Trustee determined the market value of the Vehicle is $3,265.00. Debtor has claimed a $2,540.00 personal property exemption in the Vehicle. Debtor is sole owner of the Vehicle and upon information and belief, the Vehicle is owned free and clear of any liens. Based upon the foregoing, the Trustee determined that the non-exempt value of the Vehicle is $725.00

15.     Based upon the foregoing, the Trustee made a demand upon Debtor for Turnover of the $725.00 value or the Vehicle.  When neither occurred, the Trustee included the request for turnover of the Vehicle in her Motion to Compel Turnover of the Tax refunds.

16.     Trustee has received an offer from Debtor to purchase the Estate's interest in the Vehicle for $363.00. ("Offer"). The offer is based upon Debtor's own valuation of the Vehicle using on line NADA value of $2,540.00.  Trustee agreed to split the difference between the values making the agreed value of the Vehicle $2,903.00. Considering the $2540 exemption results in an agreed Estate value of $383.00

17.     The essential terms of the Offer are as follows:

i. The sale price of $363.00 will be paid as part of a monthly payment to the Trustee inclusive of the Tax Refund and Bank Funds;

    ii. Debtor has agreed to purchase the Estate's interest in the Vehicle on an "as is, where is" condition and subject to any and all liens, claims and encumbrances;

    iii. Debtor shall waive any claim for a personal property exemption in the sale proceeds; and

    iv. The Offer is subject to and expressly conditioned upon approval of this court.

**18.** Trustee believes that the Offer is fair and reasonable and represents the highest and best price for the Vehicle given its condition. Trustee would be required to pay claims and costs of sale in connection with the sale of the Vehicle to a third party, including towing and storage charges, transfer of title charges, costs/expenses of sale. Trustee believes that the Offer will net the estate an amount equal to or better than that which it would receive if the Vehicle were sold to an unrelated party. In addition, there is no assurance that the Vehicle would sell for a higher price than that which is being offered or that the Vehicle would be sold in a reasonable amount of time.

**19.** As Trustee believes that the settlement is in the best interest of creditors as it will avoid the delay and uncertain costs of liquidating the Vehicle in another manner, and otherwise meets the criteria of Bankruptcy Rule 9019. Trustee requests that she be authorized pursuant to sell the Estate's interest in the Vehicle to Debtor for the sum of $363.00, subject to all liens, claims and encumbrances against the Vehicle.

### Settlement of Estates interest in Bank Funds

**20.** Based upon the bank statements provided to Trustee she determined that on the Petition Date the Bank Funds were $1,330.40.

**21.** No exemption has been taken in the Bank Funds and Trustee demanded Turnover of the Bank Funds.

**22.** When the Bank Funds were not turned over Trustee included the Bank Funds in her Motion to Compel.

23. Debtor does not dispute the Estate value of the Bank Funds.

### Payment of Settlement and Turnover of Funds

24. Debtor has proposed to pay $7,262.40 which is the total amount of the non-exempt Tax Refunds, agreed Estate value of the Vehicle and the Bank Funds in monthly installments of $575.00 per month beginning May 15, 2019 and continuing the 15th of each month until paid in full

25. A judgment will enter in favor of the Trustee and against the Debtor in the amount of $7,262.40. Execution of the judgment will be stayed so long as the Debtor makes the agreed upon monthly payments.

### Notice

26. Trustee has provided 10 days' notice of this Motion to Debtor, Debtor's attorney, all parties entitled to notice who are listed on the CM/ECF service list and all creditors who have filed claims (as the bar date has passed) pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

27. Since in this Chapter 7 case, more than 90 days has passed since the first date set for the meeting of creditors, this Court has authority to allow notice of this motion to be sent only to the debtor, the United States Trustee, to other parties in interest, and to only creditors who have filed claims in this case (there being no creditors who have the right to an extension to file claims). See, Rule 2002(h) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Cindy M. Johnson, trustee, respectfully requests that this Court enter an Order:

a) approving the proposed compromise and settlement with Debtor for a turnover of the Tax Refund pursuant to the terms set forth herein;

b) authorizing Trustee to the Estate's interest in the Vehicle to Debtor for $363.00 pursuant to the terms of the Offer;

 c) authorizing Trustee to sell the Vehicle to Debtor "as is, where is" and subject to all liens, claims and encumbrances and net of any claim by Debtor for a personal property exemption in the proceeds of sale;

 d) authorizing Trustee to take such steps, do such acts and execute such documents as are necessary in order to implement the terms of the Proposed Settlement and to close the sale of the Vehicle as described in the Motion;

 e) authorizing under Rule 2002(h) of the Federal Rules of Bankruptcy Procedure that notice of this motion need only to have been sent to debtor(s), the United States Trustee, to other parties in interest, and to only creditors who have filed claims in this case, and finding that the notice that has been sent is, therefore, sufficient;

 f) enter judgment in favor of Trustee and against Debtor in the amount of $7,262.40 payable in monthly installments of $575.00 with execution of the judgment stayed provided that Debtor makes the monthly payments, providing a release of the Judgment upon completion payment.

 g) and granting such other and further relief as this Court may deem just and equitable.

         Respectfully submitted,

         Cindy M. Johnson, not individually but as
         Chapter 7 Trustee of Ruben Badillo

         /s/  Cindy M. Johnson
           Chapter 7 Trustee

Cindy M. Johnson
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306